JOHN F. KILROY CO. v. UNITED STATES

**No. 5779.**—Invoices dated London, England, April 17, 1941, etc.
Certified April 19, 1941, etc.
Entered at New York, N. Y., May 23, 1941, etc.
Entry No. 764024, etc.

(Decided January 5, 1943)

*Strauss & Hedges* (*Hadley S. King* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

KINCHELOE, Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the court

That the merchandise the subject of the appeals to reappraisement enumerated in schedule A hereto annexed and made a part of this stipulation, consists of cotton fabrics imported from Great Britain.

That the appraised values of the merchandise covered by these appeals, less any additions made by the importers under duress at the time of entry, represent the prices at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and represent the export value of such merchandise and that there were no higher foreign values at the time of exportation thereof.

That the appeals are abandoned as to all merchandise not entered under duress, and these cases are submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less any additions made by the importers under duress at the time of entry.

The appeals having been abandoned insofar as they relate to all merchandise not entered under duress, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.